MORGAN, LEWIS & BOCKIUS LLP
Anne Marie Estevez (*pro hac vice*)
annemarie.estevez@morganlewis.com
200 Biscayne Boulevard, Suite 5300
Miami, FL 33131
T: 305.415.3000
F: 305.415.3001

*Counsel for Defendant Neutron Holdings, Inc.*

(additional counsel listed below)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amber Machowski, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>Bird Rides, Inc., *et al.*<br><br>　　　　Defendant. | Case No. 2:19-cv-01014-JAK-MRWx<br><br>STIPULATED PROTECTIVE ORDER<br><br>(MRW VERSION 4/19)<br><br>☐ Check if submitted without material modifications to MRW form |

1  INTRODUCTION

　　1.1　PURPOSES AND LIMITATIONS

　　Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to

discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### 1.2 GOOD CAUSE STATEMENT

The parties agree good cause exists for the entry of a pretrial protective order. This case involves the use of dockless electric scooters and bikes (together, "Electric Vehicles") in two California cities, the City of Long Beach and the City of Culver City (the "Cities" or the "City Defendants"). In this putative class action, Plaintiffs Amber Machowski, Debra Grant, William Berry, Ruben Bobadilla, Anthony Smith, and Yalda Saffieh Shariati, have sued the City Defendants as well as private entities—Bird Rides, Inc. ("Bird"), Neutron Holdings, Inc. ("Lime"), and Uber Technologies, Inc. dba JUMP ("Uber") (together, "Electric Vehicle Defendants")—that offer competing mobile applications through which registered users can locate and rent Electric Vehicles in the Cities.

Plaintiffs allege they are individuals with mobility impairments. Plaintiffs claim that third parties use Electric Vehicles in a manner that interferes with their access to pedestrian rights of ways, and that the Defendants are failing to ensure that those third-parties use Electric Vehicles properly and in compliance with applicable laws. Plaintiffs claim Defendants' conduct violates federal and state laws prohibiting discrimination against individuals with disabilities and creates a public nuisance.

Defendants vigorously dispute the facts alleged in the operative First Amended Complaint. Defendants have filed motions to dismiss as well as a motion

DM1\11081084.1

to strike the class allegations. Both motions remain pending, and the Court has offered its tentative views that it will at least grant the motion to dismiss in part. (ECF No. 157).

In all events, based on the allegations in the operative pleading, the parties agree that discovery in this case may require the disclosure of trade secrets, proprietary and commercially sensitive information, sensitive personal health information of the Plaintiffs and/or third-parties, and personally identifiable and sensitive information of third-party(ies) (e.g., electric vehicle users or private citizens) before the Court. The parties believe that discovery may involve, *inter alia*, the following topics for which protection against public disclosure is necessary:

- Discovery regarding the nature and scope of Plaintiffs' alleged mobility impairments;
- Applications for permits from each City Defendant to operate, which may include private financial and other proprietary and commercially sensitive information about Electric Defendants;
- The terms of the Electric Vehicle Defendants' contracts with independent contractors who relocate and charge Electric Vehicles;
- Internal policies and procedures utilized by the Electric Vehicle Defendants;
- Private citizens' correspondence with the Electric Vehicle Defendants with the expectation that such communications would not be made public;
- Information regarding the identity of registered users, such as phone numbers, addresses, personal financial information, and other personally identifying information;
- Private citizens' communications with the City Defendants with the expectation that the private citizens' identifying information, including their names, addresses, telephone numbers, and email addresses, would not be made public;

DM1\11081084.1

- Internal correspondence within Electric Vehicle companies.[1]

An order providing for Attorney's-Eyes-Only Protection of certain materials is also necessary in this case because the Electric Vehicle Defendants are competitors. Each Electric Vehicle Defendant would suffer competitive harm if its highly confidential commercial information and/or trade secrets were disclosed to its competitors during discovery. Limiting disclosure to the party's trial attorneys for this smaller subset of discoverable information will "strike a proper balance between the philosophy of full disclosure of relevant information and the need for reasonable protection against harmful side effects, such as the risk that disclosure will result in competitive harm." *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007) (citation and internal quotation marks omitted).

2 DEFINITIONS

2.1 Action: this pending federal lawsuit, captioned as *Machowski, et al. v. Bird Rides, Inc., et al.*, No. 2:19-cv-01014-JAK-MRW (C.D. Cal.).

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or

---

[1] In recognizing that discovery may ultimately require the disclosure of confidential information, no party is admitting to the relevance of any discovery request, even as to topics discussed above. The Parties hereby expressly reserve all objections, including those related to relevance, for all pending and/or forthcoming discovery requests. Likewise, the Parties agree that nothing about any party's discovery response concedes the admissibility of that item for any or all purposes, and the Parties expressly reserve all objections to the use or admissibility of any discovery at summary judgment, at trial, or at any other moment in this litigation.

DM1\11081084.1

items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

2.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3 SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4 DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5 DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that

7

1  the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or
2  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," to each page that
3  contains protected material.  If only a portion or portions of the material on a page
4  qualifies for protection, the Producing Party also must clearly identify the protected
5  portion(s) (e.g., by making appropriate markings in the margins).

6       A Party or Non-Party that makes original documents available for inspection
7  need not designate them for protection until after the inspecting Party has indicated
8  which documents it would like copied and produced. During the inspection and
9  before the designation, all of the material made available for inspection will be
10 deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the
11 inspecting Party has identified the documents it wants copied and produced, the
12 Producing Party must determine which documents, or portions thereof, qualify for
13 protection under this Order. Then, before producing the specified documents, the
14 Producing Party must affix the appropriate legend ("CONFIDENTIAL" or
15 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that
16 contains Protected Material.  If only a portion or portions of the material on a page
17 qualifies for protection, the Producing Party also must clearly identify the protected
18 portion(s) (e.g., by making appropriate markings in the margins).

19      (b)  for testimony given in deposition or in other pretrial or trial proceedings,
20 that the Designating Party identify on the record, before the close of the deposition,
21 hearing, or other proceeding, all protected testimony and specify the level of
22 protection being asserted. When it is impractical to identify separately each portion
23 of testimony that is entitled to protection and it appears that portions of the
24 testimony may qualify for protection, the Designating Party may invoke on the
25 record (before the deposition, hearing, or other proceeding is concluded) a right to
26 have up to 30 days to identify the specific portions of the testimony as to which
27 protection is sought and to specify the level of protection being asserted. Only those
28

portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3 <u>Judicial Intervention</u>. The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions as appropriate and permitted by the governing law. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this

1  Action only for prosecuting, defending, or attempting to settle this Action. Such
2  Protected Material may be disclosed only to the categories of persons and under the
3  conditions described in this Order. When the Action has been terminated, a
4  Receiving Party must comply with the provisions of section 13 below (FINAL
5  DISPOSITION).

6        7.2    Protected Material must be stored and maintained by a Receiving Party
7  at a location and in a secure manner that ensures that access is limited to the persons
8  authorized under this Order.

9        7.3    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless
10 otherwise ordered by the court or permitted in writing by the Designating Party, a
11 Receiving Party may disclose any information or item designated
12 "CONFIDENTIAL" only to:

13       (a) the Receiving Party's Outside Counsel of Record in this Action, as well
14       as employees of said Outside Counsel of Record to whom it is reasonably
15       necessary to disclose the information for this Action;
16       (b) the officers, directors, and employees (including House Counsel) of the
17       Receiving Party to whom disclosure is reasonably necessary for this Action;
18       (c) Experts (as defined in this Order) of the Receiving Party to whom
19       disclosure is reasonably necessary for this Action and who have signed the
20       "Acknowledgment and Agreement to Be Bound" (Exhibit A);
21       (d) the Court and its personnel;
22       (e) court reporters and their staff;
23       (f) professional jury or trial consultants, mock jurors, and Professional
24       Vendors to whom disclosure is reasonably necessary for this Action and who
25       have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);
26       (g) the author or recipient of a document containing the information or a
27       custodian or other person who otherwise possessed or knew the information;
28

(h)  during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party who are not a current, officer, director or employee of a competitor of a Party, or anticipated to become one, (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(c) the court and its personnel;

      (d) court reporters and their staff, professional jury or trial consultants, any mock jurors utilized in any mock jury exercise, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

      (e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

   8.1   If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

      (a) promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

      (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Stipulated Protective Order; and

      (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

13

9    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

   (a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

   (b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party will:

     (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

     (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

     (3) make the information requested available for inspection by the Non-Party, if requested.

   (c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a

determination by the court.   Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10 UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11 INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1     When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

11.2     The parties have agreed that this stipulated protective order should incorporate the following order pursuant to Federal Rule of Evidence 502(d):

(a) The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

(b) Nothing in this Section 11.2 limits a Party's right to review documents, ESI, or other information (including metadata) for relevance, responsiveness,

15

DM1\11081084.1

and/or or privilege and/or work-product protection before production.

## 12 MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use of any of the material covered by this Protective Order at summary judgment, as evidence at trial, or at any other moment in this litigation.

12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court, except that the Receiving Party must redact Protected Material as appropriate before filing in the public record.

## 13 FINAL DISPOSITION

13.1   After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that

16

(1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14 <u>ENFORCEABILITY.</u>

Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: June 15, 2020
        s/ Martin J. Phipps
        Attorneys for Plaintiffs

        s/ Cristina Talley
        Attorneys for Defendants City of Culver City and City of Long Beach

        s/ Anne Marie Estevez
        Attorneys for Defendant Neutron Holdings, Inc.

        s/ Sean Patterson
        Attorneys for Defendant Uber Technologies, Inc.

DM1\11081084.1

                                                                                       s/ Bronwyn Pollock
                                                                                        Attorneys for Defendant Bird Rides, Inc.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: June 15, 2020                            _____
                                                           HON. MICHAEL R. WILNER
                                                           United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [**insert case name and number**]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

DM1\11081084.1